| NAME OF PLAINTIFF | AWPA § 1821(a) | AWPA § 1821(b) | AWPA § 1821(c) | AWPA § 1821(d) | TOTAL FLSA AWARD | TOTAL |
|---|---|---|---|---|---|---|
| Arellano | | | | | | |
| Genaro, Sr. | $25.00 | $25.00 | $50.00 | $250.00 | $1,197.78 | $ 1,547.78 |
| Genaro, Jr. | $25.00 | $25.00 | $50.00 | $250.00 | $1,197.78 | $ 1,547.78 |
| Ofelia | $25.00 | $25.00 | $50.00 | $250.00 | $1,197.78 | $ 1,547.78 |
| Reymundo | $25.00 | $25.00 | $50.00 | $250.00 | $1,197.78 | $ 1,547.78 |
| Guadalupe | $25.00 | $25.00 | $50.00 | $250.00 | $1,197.78 | $ 1,547.78 |
| Lucila | $25.00 | $25.00 | $50.00 | $250.00 | $1,197.78 | $ 1,547.78 |
| | | | | | | $9,286.68 |
| | | | | | | $33,964.86 |

**GULF CHEMICAL & METALLUR-GICAL CORPORATION and Cheminter Corporation, Plaintiffs,**

v.

**ASSOCIATED METALS AND MINER-ALS CORPORATION, Birmingham Fire Insurance Company of Pennsylvania, General Star Indemnity Company, International Surplus Lines Insurance Company and Cigna Property and Casualty Companies, Defendants.**

**Civ. A. No. G-90-46.**

United States District Court,
S.D. Texas,
Galveston Division.

June 11, 1991.

G. Mark Jodon, Houston, Tex., David W. Alexander, Columbus, Ohio, for plaintiffs.

Joseph P. Witherspoon, III, Michael E. Warrick, John T. Golden, Houston, Tex., Stephen H. Cohen, John P. Borowski, Morristown, N.Y., Howard L. Close, Beaumont, Tex., Michael B. Hughes, Galveston, Tex., Barbara S. Zellner, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Before the Court are plaintiffs Gulf Chemical & Metallurgical Corporation and Cheminter Corporation ("Gulf" and "Cheminter," respectively, or "Plaintiffs," collectively), and defendant Insurance Company of North America's ("INA") Cross Motions for Summary Judgment. For the reasons that follow, INA's motion is GRANTED; Plaintiffs' motion is DENIED.

*Background*

On October 16, 1987, Gulf was joined as a defendant in an action filed by current and former employees of the Lone Star Steel Corporation ("Lone Star") against all manufacturers and suppliers of chemicals to Lone Star.[1] The suit alleged a products

---

1. It appears that several actions comprise the Lone Star cases. All were apparently filed in the state District Court in Morris County, Texas, and all have been consolidated under the single case caption of *Fowler v. Union Carbide Corp., et al.*, Case No. 15,477.

liability cause of action arising from the toxic consequences of chemicals supplied or manufactured by the defendants that were subsequently combined for use at the Lone Star integrated steel mill in Lone Star, Texas. The Lone Star plaintiffs claimed that Gulf was liable on a theory of strict products liability for the sale of molybdenum trioxide to Lone Star.

Subsequently, more Lone Star employees intervened in the original Lone Star action. In April, 1988, Plaintiffs were notified by their counsel that it was anticipated that more parties would be joined in the Lone Star litigation, and that the total number of plaintiffs would exceed two thousand. By June 1, 1988, ten pleas in intervention had been filed.

On June 1, 1988, INA's general liability policy coverage began. After Gulf filed a notice of claim for coverage of the Lone Star action, INA advised Gulf that no coverage was afforded under its policy because the Lone Star actions were initiated prior to its inception.

On February 7, 1990, Plaintiffs filed suit in this Court to determine its rights under several liability policies and a Stock Purchase Agreement. The issue now before the Court is whether INA is obligated to defend Gulf in the Lone Star litigation under its policy of insurance covering the period of June 1, 1988, to June 1, 1989.

### Discussion

Plaintiffs' ask this Court to declare that INA owes Gulf a duty to defend it against some portion of the claims [2] filed against it in the Lone Star litigation, pursuant to a general liability insurance policy which began nearly eight months after those claims were first filed. The Court will not do so.

The INA policy provides in relevant part: This insurance does not apply to:

(a) "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

---

**2.** It appears that Plaintiffs initially sought to hold INA liable for all claims filed in the Lone Star litigation, regardless of whether they were filed before coverage began or after. However, Plaintiffs have since confined their claim

Gulf was first notified of the Lone Star litigation, and the nature of the claims therein, on October 16, 1987. At that time a significant but limited class of plaintiffs had formed, and they had filed a potentially massive toxic tort suit. Plaintiffs cannot reasonably assert that they did not know with substantial certainty that new plaintiffs would continue to join in the original claim. They may have hoped otherwise, but reason and their attorneys told them that the suit would grow to as many as two thousand plaintiffs. If not in October, 1987—when Gulf was first brought into the Lone Star litigation—then by April, 1988, Plaintiffs must have expected that all employees of Lone Star between 1946 and the present would eventually join in the litigation. This is so because Gulf's attorneys informed them of that likelihood by letter dated April 6, 1988.

### Conclusion

Because all claims filed against Gulf within the INA policy period were "expected ... from the standpoint of the insured," none of those claims are covered by that policy. Therefore, INA's Motion for Summary Judgment is GRANTED; Plaintiffs' motion is DENIED.

---

against INA to those claims that were filed during the policy period. The Court finds, however, that none of the Lone Star claims are covered by the INA policy because they are excluded under its terms.